UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RAYMOND REDLICH, et al.,** | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-00019 |
| | ) |
| **CITY OF ST. LOUIS,** | ) |
| | ) |
| DEFENDANT. | ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and to protect personal, confidential, sensitive, and private information of the parties, their former and current employees and agents, and the victims and suspects in unrelated criminal matters, the parties hereby agree that this Protective Order shall govern the disclosure of all information during the course of this matter (the "Litigation") as follows:

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoena in the Litigation by any party or non-party (hereafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" under this Protective Order.

2. "Confidential" information shall include any Discovery Materials which the producing party reasonably believes not to be in the public domain and which contains private, medical, sensitive, or confidential personal information.

3. Any Discovery Materials that are to be designated "Confidential": (a) may be so



1

designated by the producing party or non-party by providing copies of the Discovery Materials conspicuously stamped with the legend "CONFIDENTIAL" (notwithstanding any typographical settings); or (b) by Order of the Court on motion of any party or non-party. The designation of Discovery Materials as "Confidential" is a certification by the attorney for the producing party or non-party (or by the producing non-party appearing pro se) that the document contains Confidential information as defined in this order. To the extent it is practical to do so, the designating party must designate for protection only those parts of the Discovery Materials what qualify as "Confidential," so that other portions of the materials for which protection is not warranted are not swept unjustifiably within the ambit of this Order. For example, if only a portion of the material on a page qualifies for protection, the producing party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins, or identifying designations by page and line numbers). Any designation of Discovery Materials as "Confidential" under this Order may be terminated at any time by order of the Court or in writing by counsel for the designating party.

    4.  Inadvertent production of or failure to designate any information as "Confidential" shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as "Confidential" as appropriate. The receiving party must treat such information as "Confidential" from the date designation is received. Disclosure, prior to the receipt of designation, of such information to persons not authorized to receive "Confidential" information shall not be deemed a violation of this Order. However, after receipt of designation, the receiving party must promptly take reasonable steps to retrieve all information that is "Confidential" that is in the possession or control of persons not authorized to receive "Confidential" Information. No party shall be found

2

to have violated this Order for failing to maintain the confidentiality of material during the time when the material had not been designated as "Confidential."

5.   Unless the parties on the record at the time a deposition is taken agree otherwise, all deposition testimony will tentatively be treated as "Confidential" until 45 calendar days after the transcript is delivered to the designating party. Within this time period, a party may serve a written notice of designation to all parties of record identifying specific portions of deposition testimony that are designated "Confidential." Thereafter, absent a Court order to the contrary, only those portions identified in the notice of designation shall be treated as "Confidential" pursuant to the terms of this Order.

6.   "Confidential" information shall be used solely for the purposes of this Litigation between these parties and for no other purpose. "Confidential" information obtained per discovery in this case shall not be used in any other litigation, arbitration, mediation, or other proceeding of any type. However, any case which has been combined with this Litigation for purposes of discovery, or any arbitration compelled as to any claim in this action, shall not be considered a separate action such that the use of "Confidential" information is precluded in such action.

7.   Nothing herein shall impose any restrictions on the use or disclosure by a party or witness, of documents, material, or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

8.   "Confidential" information may be disclosed only to the following persons:

   (a) The Court and court personnel;

   (b) Individuals providing court reporting services, copying services or other clerical support that are engaged by the parties or the Court for purposes of this

3

Litigation;

(c) The lawyers of record for a party, including paralegals, legal staff (including law clerks and interns), and other attorneys working with or on behalf of a party;

(d) Consultants and experts and the principals and employees of those consultants and experts that assist the expert or consultant with his or her work in this Litigation;

(e) The named parties to the action; and

(f) Any witness(es) who may be deposed during this action, during their depositions, provided that such witness(es) are first advised of their confidentiality obligations under this Order.

9. In addition to the categories of individuals set forth in Paragraph 8 above, "Confidential" information may be disclosed to an employee or agent of the party or non-party designating such "Confidential" information, so long as the party or non-party designating the "Confidential" information has authorized its agent or employee to receive such information.

10. "Confidential" information shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this Litigation. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of "Confidential" information are made does not reproduce the "CONFIDENTIAL" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" designation. All copies of "Confidential" information shall be kept under the control of person(s) described in Paragraph 8(a) through (f) above to whom the same is produced. As soon as is permitted by Missouri Supreme Court Rule 4-1.22 or as soon as is otherwise permitted by law, anyone possessing "Confidential" information shall make all reasonable efforts to destroy all

4

documents, images or other media containing "Confidential" information, and all duplicates thereof.

11. No information obtained under this Order shall be added to any electronic database for any other purpose than the manipulation of data for this action; however, all information obtained or derived therefrom shall be eliminated from the database as soon as is permitted by Missouri Supreme Court Rule 4-1.22 or as soon as is otherwise permitted by law.

12. Persons described in Paragraph 8(c) shall be deemed bound by the terms of this Order upon its entry by the Court. With regard to Paragraph 8(c), if more than one law firm, entity, or solo practitioner appears in this case as counsel for a party, each such law firm, entity, or solo practitioner shall execute this Protective Order or an addendum stating that they agree to be bound by the terms of this Protective Order. Only those outside counsel who have executed this Protective Order or an addendum agreeing to be bound by this Protective Order may receive "Confidential" information.

13. A party disclosing "Confidential" information to an expert or consultant described in Paragraph 8(d) must first: (i) advise the recipient such information is "Confidential" information and may only be used in connection with this Litigation; and (ii) provide the recipient with a copy of this Order.

14. Counsel for a party may disclose "Confidential" information to an actual or potential witness not otherwise identified above, provided counsel has obtained consent of the party or non-party who designated such information. However, this consent is not required if: (i) the person is an author or recipient of the "Confidential" information as identified on the face of the document; or (ii) the person is a former employee of the producing party or non-party and is known with certainty to have prior knowledge by virtue of employment with the producing party

or non-party of the specific "Confidential" information to be disclosed.

15. If the receiving party disagrees with the designation by the producing party or non-party of any Discovery Materials as "Confidential" information, then the parties to the dispute will promptly attempt to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as "Confidential" information pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact "Confidential" information and is entitled to the protections associated therewith consistent with the intent of this Order.

16. If it becomes necessary to file Discovery Materials that contain "Confidential" information with the Court, the party seeking to file those Materials may move the Court for an order that the Materials be received and maintained by the Clerk under seal pursuant to E.D. Mo. L.R. 13.05.

17. Alternatively, if the filing party does not believe there is good cause for the Materials containing "Confidential" information to be received and maintained under seal, the filing party shall notify the other parties of its intent to file the Materials at least seven (7) days before filing. If the notified party believes the Materials should be filed under seal, the notified party will alert the filing party and may move the Court for an Order to that effect. Where a notified party has informed the filing party that it intends to move the Court for an Order to Seal, the items filed shall be treated as sealed until the Court rules on that motion, as long as the motion is filed within seven (7) days of the filing of the Discovery Materials containing "Confidential" information.

18. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

(a) operate as an admission by any party that any particular documents or material contain private, medical, sensitive, and/or personal information; or

(b) prejudice in any way the right of a party at any time:

(i) to seek a determination by the Court of whether a particular document or piece of information should be subject to the terms of this Order;

(ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document or piece of information;

(iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or

(iv) to seek documents or other information from any source.

19. The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege, attorney work-product protection, or common interest privilege that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

20. The parties have submitted a separate Federal Rule of Evidence 502(d) Order which governs the inadvertent disclosure of documents, including, without limitation, electronically stored information or other information, subject to the attorney-client privilege and/or attorney work-product doctrine.

21. This Order shall not affect the right of any party or non-party to oppose production of Discovery Materials on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

22.     Nothing in this Order shall prejudice the right of any party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Materials or to seek modifications of or relief from any provision of this Order upon due notice to all other parties and affected non-parties.

23.     Counsel shall promptly report any breach of the provisions of this Order to the Court and all counsel of record. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any "Confidential" Materials (both in hard form and electronic form) that may have been disclosed to persons not authorized by this Order to receive it. All counsel shall cooperate fully in any investigation of such breach conducted by the Court. Knowing or willful violations of this Order by a receiving party, and any receiving party's agents, expose the receiving party to sanctions, as provided by Federal Rule of Civil Procedure 37.

**SO ORDERED.**

_____

Judge

_____

Date